UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDALLION HOMES GULF
COAST, INC.,

       Plaintiff,

v.                           Case No: 8:14-cv-3117-T-33JSS

TIVOLI HOMES OF SARASOTA,
INC., ET AL.,

       Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants Michael Duke and Nicole Duke's Motion for Attorney's Fees and Costs (Doc. # 40), which was filed on November 20, 2015. On December 1, 2015, Plaintiff filed a Notice of Appeal. (Doc. # 41). For the reasons that follow, the Court denies the Motion without prejudice.

## Discussion

On November 5, 2015, the Court granted Defendants' Motion for Summary Judgment in this copyright infringement action. (Doc. # 38). The Clerk of Court entered Judgment in favor of Defendants on November 6, 2015. (Doc. # 39). On November 20, 2015, Defendants filed a Motion requesting attorney's fees and costs. (Doc. # 40). Prior to responding to the Motion for attorney's fees and costs, Plaintiff filed a Notice of Appeal. (Doc. # 41).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matter involved in the appeal. In <u>Green Leaf Nursery v. E.I. DuPont de Nemours & Co.</u>, 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained: "The filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."   However, notwithstanding the pendency of an appeal, the Court has discretion to deny a motion for attorney's fees without prejudice with leave to re-file after the appeal has concluded. <u>See</u> Fed. R. Civ. P. 54(d) (governing the procedure for awarding attorney's fees and costs).  The Advisory Committee Notes to Rule 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

Rather than resolving the Motion for Attorney's Fees and Costs during the pendency of the appeal, the Court determines that the interests of justice would be better served by denying the Motion without prejudice and with leave to re-file after the conclusion of the appeal. Immediate resolution of the collateral issues of attorney's fees and costs is unlikely to assist the Court of Appeals, and attorney's fees and costs are often resolved in appellate mediation. See Larson v. Correct Craft, Inc., No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court denies the Motion without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on Plaintiff's pending appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that

Defendants' Motion for Attorney's Fees and Costs (Doc. # 40) is **DENIED** without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on the pending appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida on this 2nd day of December, 2015.

4

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE