UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDALLION HOMES GULF
COAST, INC.,

    Plaintiff,

v.                              Case No. 8:14-cv-3117-T-33JSS

TIVOLI HOMES OF SARASOTA,
INC., NICOLE DUKE, MICHAEL
DUKE, JASON KUBISIAK, and
START TO FINISH DRAFTING,
L.L.C.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant the Renewed Motion for Attorney's Fees and Costs filed on August 25, 2016, by Defendants Michael and Nicole Duke. (Doc. # 46). On September 2, 2016, Plaintiff, Medallion Homes Gulf Coast, Inc., filed a Response in Opposition to the Motion. (Doc. # 48). For the reasons that follow, the Court grants the Motion in the amount of $8,760.

**I.**   **Background**

On November 5, 2015, the Court granted Defendants' Motion for Summary Judgment in this copyright infringement action. (Doc. # 38). The Clerk of Court entered Judgment in favor of Defendants on November 6, 2015. (Doc. # 39). On

1

November 20, 2015, Defendants filed a Motion requesting Attorney's Fees and Costs. (Doc. # 40). Prior to responding to the Motion, Plaintiff filed a Notice of Appeal. (Doc. # 41).

The Court denied Defendants' Motion without prejudice and with leave to re-file after the resolution of the appeal. (Doc. # 43). The Eleventh Circuit Affirmed this Court's grant of Summary Judgment to the Defendants. (Doc. # 45). On August 24 2016, the Eleventh Circuit issued a mandate, and Defendants filed a timely Renewed Motion for Attorney's Fees and Costs on August 25, 2016. (Doc. # 46). The Motion is ripe for the Court's consideration.

## II. Legal Standard

Under 17 U.S.C. § 505, the Court, in its discretion, may award reasonable attorney's fees and the costs incurred in litigating the case. "In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) (internal citation omitted). Furthermore, in deciding whether to award attorney's fees in copyright cases "[p]revailing plaintiffs

and prevailing defendants are to be treated alike." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534–35 (1994).

No precise rule or formula exists for determining whether to award attorney's fees in copyright cases, rather "equitable discretion should be exercised 'in light of the considerations we have identified.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983)). The factors identified by the Supreme Court are "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).

## III. Analysis

The Eleventh Circuit has emphasized that the "only preconditions to an award of fees [under the Copyright Act] is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." Mitek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840, 842 (11th Cir. 1999). Here, Defendants, the Dukes, are the prevailing parties because summary judgment was granted in their favor. Haughton v. SunTrust Bank, Inc., 403 Fed. Appx. 458, 459 (11th Cir. 2010).

Additionally, Plaintiff, Medallion, does not challenge the Dukes' status as prevailing parties.

### A. Defendants' Motion for Attorney's Fees

In determining whether to award attorney's fees to the prevailing parties in this case, the Court must consider the non-exclusive list of factors suggested by the Supreme Court. Mitek Holdings, 198 F.3d at 842 (citing Fogerty, 510 U.S. at 526–27).

#### 1. Frivolousness

To support a claim of copyright infringement, claimants must prove both their ownership of the copyright to the works and copying by the defendant. Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 824 (11th Cir. 1982). "Frivolousness, in copyright cases, is usually found in cases in which the claimant does not even own the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." Dream Custom Homes, Inc. v. Modern Day Const., Inc., No. 8:08-cv-1189-T-17AEP, 2011 WL 7764999, at *7 (M.D. Fla. July 12, 2011); see also Amadasun v. Dreamworks, LLC, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005)(finding the plaintiff's claim was frivolous because it was based on works that were not entitled to copyright

4

protection); Lowe v. Loud Records, No. CIV.A. 01-1797, 2004 WL 527831, at *3 (E.D. Pa. Mar. 17, 2004), aff'd, 126 Fed. Appx. 545 (3d Cir. 2005)(granting attorney's fees to defendant because plaintiff defeated his own claim by giving defendant a license to use the copyrighted material).

Here, the Court found that Medallion held a valid copyright for the Santa Maria technical drawings and architectural plan at issue. (Doc. # 38 at 6-7). Therefore, the copyright claim brought by Medallion does not meet the definition of frivolous under existing case law. "However, a lack of frivolousness does not preclude an award of attorney's fees in favor of defendants." Dream Custom Homes, 2011 WL 7764999, at *7; see also Sherry Mfg. Co. v. Towel King of Fla., Inc., 822 F.2d 1031, 1034 (11th Cir. 1987).

### 2. Motivation

The Dukes assert the copyright claim was only brought due to Medallion's frustration with not becoming an approved builder in the Duke's community, the Hammocks, indicating the lost opportunity for profit as additional motivation for the claim. Medallion, on the other hand, contends its motive behind bringing the claim had no basis in a personal vendetta. To the contrary, Medallion states the motivation was purely

to protect its copyrighted work and to remedy the harm done by the alleged copying of that protected work.

Based on the record, there is not sufficient evidence to show that Medallion's motivation was malicious in nature. Medallion's claim that it only wanted to protect its copyrighted work appears to be in good faith. However, the Eleventh Circuit has found that the copyright holder's "good faith in bringing its suit was not determinative of the issue of attorney's fees." Mitek Holdings, 198 F.3d at 842 (citing Sherry Mfg. Co., 822 F.2d at 1034).

### 3. Objective Unreasonableness

Medallion argues that although its claims were ultimately unsuccessful, those claims were objectively reasonable. Medallion points to recent litigation within the Eleventh Circuit to demonstrate that there is a basis for reasonable minds to disagree regarding copyright infringement of architectural plans. (Doc. # 48-4). Medallion identifies one such case as Home Design Services, Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314 (11th Cir. 2016). Acknowledging the presence of similar cases being litigated on the topic of copyright infringement of architectural plans, the Court

nevertheless finds Medallion's claims were objectively unreasonable based on the specific facts presented here.

Intervest Construction, Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914 (11th Cir. 2008) is a binding decision that controls the outcome in the instant case. (Doc. # 45 at 6). Intervest addressed a copyright claim to architectural plans containing the basic four-three split layout. Medallion is correct that the same issues were raised recently in Home Design Services, Inc., 825 F.3d at 1314.

In both cases, the architectural plans shared the same overall layout, but the layout was not copyrightable. The law governing this issue states, "[b]ecause the layouts were noncopyrightable, and because the floor plans differed in terms of dimensions, wall placement, and the presence and arrangement of particular features (or use of slightly varied features), we held that the similarities between the plans concerned only their noncopyrightable elements." Home Design Servs., 825 F.3d at 1324.

Medallion was, or should have been, aware of the binding legal standard set forth in Intervest. Medallion's own expert identified more differences than similarities in the floor plans such as: differences in wall placement, dimension, and functions of particular features around the house. (Doc. # 38

7

at 9-16). Additionally, Medallion's Corporate Representative was not able to provide any specific details regarding the similarities between the Dukes' home and the protected copyright. He only gave a generalized statement that "[t]he rooms were laid out the same." (Logan Dep. Vol. II Doc. # 36 at 15). Based on this information, Medallion should have known there was no copyright infringement.

More importantly, the Eleventh Circuit concluded in its Opinion affirming this Court's summary judgment Order that there were "numerous and significant differences" between the plans and any similarities were not protectable elements. (Doc. # 45 at 9). In fact, the differences between the two designs were so significant, this Court previously found that no reasonable fact finder could determine that a copyright infringement occurred and issued summary judgment for the Dukes. For the reasons discussed above, the Court finds that Medallion's copyright claim was objectively unreasonable.

### 4. Compensation and Deterrence

Finally, in deciding whether to award fees and costs in a copyright case, the Court considers whether the application of those factors and imposing attorney's fees will "further the goals of the Copyright Act, i.e., by encouraging the

raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible." InDyne, Inc. v. Abacus Tech. Corp., 587 Fed. Appx. 552, 554 (11th Cir. 2014)(quoting Mitek Holdings, 198 F.3d at 842–43).

Medallion argues that an award of attorney's fees will "create a chilling effect on future potential Plaintiffs who believe infringement has occurred." (Doc. # 48 at 5). The Court disagrees. Here, an award of fees will deter others from "bringing lawsuits when they know that there are numerous differences between their copyrighted work and an allegedly infringing work which would outweigh any similarity between the works." Dream Custom Homes, 2011 WL 7764999, at *10. Medallion contends it relied upon the opinion of an architectural expert, George Merlin, who found that the Dukes' home and Medallion's plan were "substantially similar" and that it had a reasonable belief that copyright infringement had occurred. (Doc. # 48 at 5). However, Merlin rendered this conclusion after acknowledging specific differences between the two homes. Merlin's statement that the homes are substantially similar is belied by his own

9

description of the many differences between the two homes and by the record as a whole.

In completing the final balancing of the Fogerty factors, Medallion's claim was not frivolous or improperly motivated within the context of copyright cases. It was, however, factually and legally unreasonable. "The purposes of the copyright laws are served only when parties 'litigate meritorious' arguments". Dawes-Ordonez v. Forman, 418 Fed. Appx. 819, 821 (11th Cir. 2011)(quoting Fogerty, 510 U.S. at 527).

As discussed previously, summary judgment was granted in favor of the Dukes based on the fact that there were "numerous and significant differences" between the plans and any similarities were not protectable elements. Evidence on the record shows that Medallion should have known any similarity between the plans was significantly out-weighed by their numerous differences.

Because Medallion's copyright infringement claim was unreasonable, the Dukes should be compensated for the resources they expended defending themselves against an invalid claim. Also, the award of fees and costs may deter the filing of similar copyright infringement claims which, although unreasonable, cost money and time to successfully

defend. Therefore, an award of fees to the Dukes will serve the interests of compensation and deterrence in this case.

"When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Without the prospect of such an award the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." Dream Custom Homes, 2011 WL 7764999, at *10 (quoting Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994)). Therefore, the Court finds that granting the Dukes the amount they spent defending against Medallion's unreasonable copyright infringement claim best serves the purpose of the Copyright Act. Fogerty, 510 U.S. at 535 n.19.

**B.   Amount of Attorney's Fees Must be Reasonable**

Under the lodestar method, attorney's fees are calculated by multiplying "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)(citation omitted). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Dukes seek $8,760 in attorney's fees for a total of 43.80 hours of work, by one attorney, David Smith, Esq. at a rate of $200 an hour. (Smith Aff. Doc. # 46-1 at ¶ 11). This amount is facially reasonable and is awarded to the Dukes. In fact, courts within the Middle District of Florida have routinely awarded $300.00 per hour in copyright litigation. See Dream Custom Homes, 2011 WL 7764999, at *11; Clever Covers, Inc. v. S.W. Fla. Storm Defense, LLC, 554 F. Supp. 2d 1303, 1314 (M.D. Fla. 2008); Palmer v. Braun, No. 6:06-cv-1662-Orl-31-JGG, 2005 WL 3093409, *4 (M.D. Fla. Nov. 18, 2005).

### C. Mediation

The Dukes also request an award of $650 in costs attributable to attending mediation. However, it is "well settled within the Middle District of Florida that costs associated with mediation, even court ordered mediation, are not recoverable" to prevailing parties. Gomez v. Smith, No. 8:13-cv-3185-T-33AEP, 2015 U.S. Dist. LEXIS 116383, at *9 (M.D. Fla. Sept. 1, 2015). See also Lane v. G.A.F. Material Corp., No. 8:11-cv-2851-T-30TBM, 2013 U.S. Dist. LEXIS 63707, at *4 (M.D. Fla. May 3, 2013)("the law is clear that costs

associated with mediation are not recoverable under § 1920."). This rule applies in the context of copyright infringement actions. See <u>Katz v. Chevaldina</u>, 127 F. Supp. 3d 1285, 1305 at n.6 (S.D. Fla. 2015). Accordingly, the Dukes are not entitled to the amount of $650 requested for the mediator's fee.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Court **GRANTS** the Dukes' Renewed Motion for Attorney's Fees (Doc. # 46) in the amount of $8,760, but denies the request for mediation costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE